IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRAD SEITER                                                                                           PLAINTIFF

vs.                                         Civil No. 6:23-cv-06107

MARTIN J. O'MALLEY,                                                                        DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Brad Seiter ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.   **Background:**

Plaintiff filed his disability applications on March 29, 2021. (Tr. 26).[1] In his applications, Plaintiff alleges being disabled due to stroke, paralysis on right side and slurred speech. (Tr. 252).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 9. These references are to the page number of the transcript itself not the ECF page number.

Plaintiff alleged an onset date of March 6, 2021. (Tr. 26). Plaintiff's applications were denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (Tr. 147-205). This hearing was held on December 8, 2022. (Tr. 47-71). At this hearing, Plaintiff was present, and represented by Michael Angel. *Id.* Plaintiff and Vocational Expert ("VE"), Susan Brooks testified at the hearing. *Id.*

Following the administrative hearing, on January 18, 2023, the ALJ entered a partially favorable decision. (Tr. 26-40). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through December 31, 2026. (Tr. 30, Finding 1). The ALJ also determined Plaintiff had not engaged in substantial gainful activity ("SGA") since March 6, 2021. (Tr. 30, Finding 2).

The ALJ then determined Plaintiff had severe impairments of hypertension, obesity, cerebrovascular accident with right upper extremity weakness and aphasia, and bilateral lower extremity venous insufficiency from March 6, 2021, through April 1, 2022. (Tr. 30, Finding 3). Despite being severe, the ALJ determined from March 6, 2021, through April 1, 2022, those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 32, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined his RFC. (Tr. 32-35). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC from that March 6, 2021, through April 1, 2022, to perform sedentary work, except could never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally stoop, crouch, kneel, and crawl; occasionally reach with the right upper extremity; and never handle or finger with the right upper extremity. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 35, Finding 6). The ALJ determined that from March 6, 2021, through April 1, 2022, Plaintiff was not capable of performing his PRW. *Id.* The ALJ also found there were no jobs Plaintiff could perform from March 6, 2021, through April 1, 2022. (Tr. 35, Finding 10). As a result, the ALJ found Plaintiff disabled from March 6, 2021, through April 1, 2022. (Tr. 35, Finding 11).

The ALJ found that Plaintiff's disability ended on April 2, 2022. (Tr. 36, Finding 12). The ALJ found the same severe impairments from March 6, 2021, through April 1, 2022, remained, and he did not have an impairment or combination of impairments that met or medically equaled the criteria of listed impairments in the Social Security Administration's regulations for presumptive disability. (Tr. 36, Findings 12, 13).

The ALJ found a medical improvement occurred as of April 2, 2022. (Tr. 37, Finding 14). As a result, beginning April 2, 2022, Plaintiff retained the RFC to perform sedentary work, except he could never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally stoop, crouch, kneel, and crawl; occasionally reach with the right upper extremity; and occasionally handle or finger with the right upper extremity. (Tr. 37, Finding 16).

The ALJ then determined that beginning April 2, 2022, Plaintiff was capable of performing his PRW as a telemarketer, along with other work existing in significant numbers in the national economy. (Tr. 39, Findings 17, 18). Based upon this finding, the ALJ found Plaintiff's disability ended on April 2, 2022, and Plaintiff had not become disabled again since that date. (Tr. 40, Finding 19).

On October 25, 2023, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 11, 15. Plaintiff also file a reply brief. ECF No. 18. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

4

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 11. In making this claim, Plaintiff argues the ALJ erred (1) in finding his disability ended April 2, 2022, and (2) in the RFC determination. *Id.* In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 15.

Upon review, the Court finds the ALJ's determination that Plaintiff's disability ended on April 1, 2022, is not supported by substantial evidence in the record. In the ALJ's decision, he based Plaintiff's medical improvement primarily upon two limited therapy progress notes from January and March 2022. (Tr. 37). However, these records continued to show significant deficits in Plaintiff's ROM, right upper extremity, and right lower extremity and an inability to move fingers. *Id.* Additionally, Plaintiff testified to numerous problems he was experiencing with his gait and grip, including an inability to tie shoes and hold utensils because his fingers draw up like a fist. (Tr. 58-61).

Substantial evidence on the record as a whole does not support the finding that Plaintiff's condition significantly improved. The evidence, including the medical record, supported Plaintiff's subjective complaints of disabling pain and his level of functioning. Additionally, the ALJ erroneously discounted other physician's opinions in reaching the conclusion and drew improper inferences from the medical record, resulting in a residual functional capacity finding which was not based on substantial evidence. Accordingly, the Court finds there is not substantial evidence to support the ALJ's decision that Plaintiff's medical improvement occurred on April 2, 2022.

The Court has reviewed the entire transcript and the parties' briefs and finds Plaintiff's arguments on appeal to have merit and finds the record as a whole does not support the ALJ's decision.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 3rd day of October 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE